IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRANSPORTACION MARITIMA MEXICANA S.A. DE C.V.;<br>　　*Petitioner,*<br><br>v.<br><br>ANDINO SHIPPING LLC;<br>　　*Respondent.* | §<br>§<br>§<br>§　C.A. No. _25-1306_____<br>§<br>§　Admiralty Rule 9(h)<br>§<br>§<br>§ |

# PETITION FOR PREJUDGMENT SECURITY IN AID OF ARBITRATION

Petitioner Transportación Marítima Mexicana S.A. de C.V. ("TMM"), by and through its attorneys Blank Rome LLP, respectfully petitions the Court to issue a writ of attachment to Garnishee Comerica Bank as pre-judgment security in support of TMM's claims against Respondent Andino Shipping LLC ("Andino") pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

## INTRODUCTION

1. This action seeks an order from the Court for a Writ of Attachment as a pre-judgment remedy against Andino to prevent Andino from dissipating or fraudulently transferring assets to avoid paying damages owed for its breach of the Charter between TMM and Andino, as described more fully below. TMM seeks to attach funds in Andino's bank accounts held by Garnishee Comerica Bank in aid of TMM's arbitration claims against Andino in the amount of at least **$2,513,319.41**, plus costs, interests, and fees associated with bringing this action.

## JURISDICTION AND VENUE

2. This is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has admiralty jurisdiction over this action pursuant to 28 U.S.C. § 1333.

3. TMM is a corporation formed under the laws of Mexico with its principal place of business in Mexico City, Mexico. Andino is a limited liability company formed under the laws of the State of Texas with its principal place of business in Houston, Texas.

4. Andino cannot be found in this district for purposes of Rule B. *LaBanca v. Ostermunchner*, 664 F.2d 65, 68 (5th Cir. 1981) ("In order to be found 'within the district' as contemplated by Supplemental Rule B(1), a defendant must be susceptible to service within the actual district."). Andino may be served with process through its Registered Agent in Texas.

5. Venue is proper in the Northern District of Texas as this is the district within which the attached property is found and Andino cannot be found within the district.

## FACTUAL BACKGROUND[1]

6. On or about April 21, 2023, TMM as Charterer and Andino as Owner entered a SHELLTIME 4 Time Charter Party (the "Charter") for charter of the chemical tanker ANDINO ALPHA (the "Vessel"). *See* Ex. B – Charter Recap. On or about July 1, 2024, the Parties reached an agreement on the Charter Recap (the "Recap"), with a Vessel delivery window of October 1-24, 2024, an initial firm period of 15 months, and two 6-month options available to TMM as Charterer.

7. The Vessel was not ready for delivery in October 2024, so Andino furnished a substitute vessel, ANDINO DELTA, which had a reduced discharge capacity compared to the Vessel. The Charter providing for ANDINO DELTA's substitution terminated in late January 2025, when the Vessel was scheduled to arrive in Texas ready for service.

8. On her arrival in the United States in late January 2025, the Vessel was inspected by the United States Coast Guard and multiple deficiencies were identified, prohibiting her from

---

[1] *See* Ex. A – Verification of Aline Diaz for verification of the facts set forth herein.

entering service for TMM. While the Vessel underwent the required repairs, TMM was forced to charter in three separate vessels to service existing obligations. To charter these necessary substitute vessels, TMM was required to pay a charter hire difference of **$512,187.66** above the contracted rate TMM had with Andino.

9. The failure to timely deliver a vessel that was fit for service was a breach of the Charter by Andino. The Vessel eventually came on hire on February 13, 2025, but six of her twenty-eight tanks were unusable pending further repair. The same six tanks remained unusable through the duration of the Charter. The reduction in carrying capacity below the volume contracted for in the Charter resulted in an overpayment of hire by TMM to Andino amounting to approximately **$240,000**.

10. After delivering the Vessel late and providing below the contracted-for carriage capacity, Andino withdrew the Vessel from service and repudiated the Charter without cause on or about May 17, 2025. Complete withdrawal of the Vessel from service entitles TMM to damages of **$521,071.75** in overpaid hire that was prepaid for the period running from May 21 to June 20. Further, the bunkers remaining aboard the Vessel at Andino's repudiation belong to TMM and have been retained by Andino without payment for same, entitling TMM to damages for said bunkers in the amount of **$240,060**.

11. To replace the carriage capacity under the Charter after Andino's unjustified repudiation, TMM estimates substitute tonnage will cause damages in excess of **$1,000,000**.

12. Due to the late delivery of the Vessel, the difference in capabilities of the substitute vessel, the need for chartering-in addition vessels when none were provided by Andino, the reduced capacity of the Vessel when made available, and the anticipatory repudiation of the Charter by Andino, Andino has breached the Charter and caused TMM damages of at least **$2,513,319.41**, which it will seek to recover in London Arbitration pursuant to the Charter's terms.

999998.02877/154197137v.1

## FIRST CAUSE OF ACTION

## PREJUDGMENT ATTACHMENT

13. TMM asks this Court to attach Andino's assets held by Comerica Bank (the "Garnishee") up to the sum of **$3,000,000** to serve as security and preserve the status quo pending arbitration. TMM is entitled to seek up to 200% of the principal amount of its claims pursuant to Supplemental Admiralty Rule E(5)(a).

14. No security for TMM's claims has been posted to date by Andino or anyone acting on its behalf.

15. As shown in Exhibit C, Andino maintains a Comerica Bank account in Dallas, Texas. *See* Ex. C – Garnishee Information. TMM believes this account, which is located within this district, has or will have during the pendency of this action, assets which are owed to Andino in the form of deposits, cash, credits, debts owed to it, or other assets in the hands of the Garnishee in this District.

16. Despite maintaining a bank account in the Northern District, Andino cannot be found within this district within the meaning of Rule B. *See* Ex. D – Declaration of Keith Letourneau.

## REQUESTED RELIEF

WHEREFORE, Petitioner Transportación Marítima Mexicana moves this Court for:

A. an Order directing the attachment of all of Andino's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendants up to the amount of **$3,000,000** as security for TMM's claims;

B. retention of jurisdiction over this matter through the entry of a judgment or award associated with TMM's claims under the Charter; and

C. for all such other and further relief as is just and proper.

Dated: May 23, 2025

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Keith B. Letourneau*
Keith B. Letourneau, *Attorney-in-Charge*
State Bar No. 00795893
Zachary R. Cain
State Bar No. 24078297
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 402-7650 Telephone
(713) 228-6605 Facsimile
Email: kletourneau@blankrome.com
Email: zachary.cain@blankrome.com

***Attorneys for TMM***

**OF COUNSEL:**

G. Evan Spencer
State Bar No. 24113493
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Email: evan.spencer@blankrome.com
BLANK ROME LLP