UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRANSPORTACION MARITIMA MEXICANA S.A. DE C.V., | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 3:25-CV-1306-B |
| ANDINO SHIPPING, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Andino Shipping, LLC ("Andino")'s Motion to Vacate Attachment (Doc. 14) and Motion to Quash (Doc. 10). For the following reasons, the Court **GRANTS** Andino's Motion to Vacate and Motion to Quash. The Court **DISMISSES** TMM's Petition **WITHOUT PREJUDICE** for lack of jurisdiction. A final judgment will follow.

I.

BACKGROUND

This a maritime case. Petitioner Transportación Maritima Mexicana S.A. De C.V. ("TMM") and Andino entered into a contract (the "Charter") to charter a chemical tanker (the "Vessel"). Doc. 1, Pet., ¶ 6. Andino did not deliver the Vessel on time and instead provided a different, deficient vessel. *Id.* ¶¶ 7–8. TMM alleges "damages of at least $2,513,319.41, which it will seek to recover in London Arbitration pursuant to the Charter's Terms." *Id.* ¶ 12.

TMM filed a Verified Petition in Admiralty requesting the Court to issue a writ of maritime attachment against Andino under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. *Id.* ¶¶ 13–16. The Court granted TMM's Motion and issued a Writ of

Attachment against all property belonging to Andino held by Garnishee Comerica Bank (the "Garnishee"). Doc. 6, Order, 4. The Order was set to expire 90 days from the date of its issuance if no assets or property had been restrained. *Id.* at 6.

TMM also subpoenaed the Garnishee, seeking information relating to Andino's bank account, such as wire transfers and other correspondence. Doc. 10-2, Ex. 2, 5.

Andino moves to vacate the Writ, arguing that Andino has no property within the Northern District of Texas because there are no funds in the bank account held by the Garnishee. Doc. 14-1, Br. Mot., 3–6. Andino also moves to quash the subpoena issued against the Garnishee. Doc. 10, Mot. The Court considers the Motions below.

## II.

## LEGAL STANDARD

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims "allows a district court to take jurisdiction over a defendant in an admiralty or maritime action by attaching property of the defendant." *Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*, 817 F.3d 241, 244 (5th Cir. 2016) (internal citation and quotation omitted). The dual purposes of this power are "to secure a respondent's appearance and to assure satisfaction in case the suit is successful." *Id.*

The Plaintiff has the burden of establishing a right to attachment and, to meet this burden, the Plaintiff must show "(1) a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property is within the district; and (4) there is no legal bar to attachment—either statutory or maritime in nature." *Icon Amazing, L.L.C. v. Amazing Shipping, Ltd. et al.*, 951 F. Supp. 2d. 909, 915 (S.D. Tex. 2013).

"Once a defendant's property has been attached, and the defendant contests the attachment by moving to vacate the attachment under Rule E(4)(f), the attachment must be vacated unless the attaching party presents sufficient evidence to show probable cause for the attachment." *Casillo Commodities Italia S.P.A. v. M/V LONG CHEER*, No. CV 16-16612, 2017 WL 2804925, at *4 (E.D. La. June 28, 2017).

## III.

## ANALYSIS

The Court **GRANTS** Andino's Motion to vacate the writ of attachment and **DISMISSES** this case for lack of jurisdiction.[1] First, the Motion is not premature. Second, TMM has not presented sufficient evidence to show probable cause that Andino's property is within the district. Lastly, TMM is not entitled to fact discovery, so the Court **GRANTS** Andino's Motion to Quash.

A.   *The Motion to Vacate Is Not Premature.*

TMM argues that Andino's Motion to Vacate is premature because the Court's Order provided the Writ "shall automatically expire 90 days from the date of its issuance if no assets or other property have been restrained pursuant to this Order." Doc. 22, Resp., 5 (citing Doc. 6, Order, 6). However, Rule E(4)(f) allows a defendant to move to vacate once the Writ is issued. And nothing in the Court's Order restricted Andino from moving to vacate the Writ. *See generally* Doc. 6, Order.

TMM relies on a case from the Southern District of New York to argue that "the purpose of Rule B . . . is to provide claimants an opportunity [to] locate assets within a district." Doc. 22,

---

[1] In the last sentence of its Motion, Andino requested a hearing be held on the Motion to Vacate. Doc. 14-1, Br. Mot., 10. Because there are no facts in dispute relevant to resolving whether property is located within the District, the Court declines to hold a hearing.

Resp., 5 (citing *Rizzo-Bottiglieri de Carlini Armatori S.P.A. v. Indus. Carriers, Inc.*, No. 08 CIV.8391 (SAS), 2008 WL 4615854, at *1 n.7 (S.D.N.Y. Oct. 14, 2008)). In *Rizzo-Bottiglieri*, the court found that "a Rule B order may be issued in anticipation of funds coming into the District at some unknown future time." 2008 WL 4615854, at *1 n.7. But TMM has made no showing that funds are likely coming into the District. *See generally* Doc. 22, Resp. Thus, this case does not support TMM's argument that this motion is premature. *See Casillo*, 2017 WL 2804925, at *4.

B.   *The Court Lacks Jurisdiction Because Andino Has No Property in the District.*

The Court grants Andino's Motion to Vacate because Andino has no property in the District, so the Court lacks jurisdiction over this matter. *See Stralia Mar. S.A. v. Praxis Energy Agents DMCC*, No. H-18-1486, 2018 WL 4184715, at *2 (S.D. Tex. Aug. 31, 2018) (finding the court lacked jurisdiction after it vacated an attachment order). To establish a writ of attachment, TMM had to demonstrate probable cause that Andino's property is located within the Northern District of Texas. *See Icon Amazing, L.L.C.*, 951 F. Supp. 2d. at 915.

Andino argues that it does not have property in the District because there were no funds in the bank account when the Writ was attached. *See* Doc. 14-1, Br. Mot., 6. Andino included a letter from the Garnishee confirming that the balance of the account was zero when the Writ was attached and that there have been no transfers, deposits, or withdrawals to or from the account since the Writ was attached. Doc. 14-2, Ex. 2, 1. Accordingly, there are no funds in the bank account. Thus, the Court must determine whether a bank account with no funds constitutes property such that the Writ can remain attached.

The Court holds that a bank account with no funds is not property for the purposes of a maritime writ of attachment. The Court is not aware of any authority that directly answers this question. However, both parties rely on *Boland Marine & Indus., LLC v. Bouchard Transp. Co.* to

support their respective arguments. No. 1:20-CV-66-LY-ML, 2020 WL 10051743 (W.D. Tex. Feb. 28, 2020), *report and recommendation adopted*, 2020 WL 10051738 (W.D. Tex. Mar. 26, 2020). In *Boland*, the defendant moved to vacate a writ of attachment on its bank account, arguing that the bank account was not located within the Western District of Texas because the account was opened in New York. *Id.* at *3. The court had to determine where a bank account was located for purposes of maritime attachment. *See id.* It held that "bank accounts are located wherever funds are available to the account holder." *Id.* at *6. Here, because no "funds are available to the account holder," there is no property located within the District. *See id.*

TMM argues that *Boland* supports the proposition that a bank account itself is property. Doc. 22, Resp., 3. The Court disagrees. In *Boland*, the court said that "*funds* in bank accounts are intangible assets." *Boland*, 2020 WL 1005173, at *5 (emphasis added). And the court held a bank account is "located wherever *funds* are available to the account holder," not wherever the account itself is available. *Id.* at *5–6 (emphasis added).

TMM also incorrectly argues that "it is not the assets within a bank account that convey jurisdiction, it is the situs of the account and the court's jurisdiction over the garnishee." Doc. 22, Resp., 4. But as the Fifth Circuit has clarified, "a proper Rule B attachment hinges on not just the attaching court's *in personam* jurisdiction over a garnishee, but also on its *in rem* jurisdiction over the asset sought to be attached, i.e., that the asset be present within the geographical jurisdiction of the court." *Ultra Deep Picasso Pte. Ltd. v. Dynamic Indus. Saudi Arabia Ltd.*, 119 F.4th 437, 443 (5th Cir. 2024) (internal quotation and citation omitted). Thus, the Garnishee being subject to personal jurisdiction in this District "does not obviate the requirement that the attaching court have jurisdiction over the thing to be attached." *Id.* Here, the Court does not have jurisdiction

over the thing to be attached because there are no funds to which to attach the Writ. Accordingly, the Court finds that there is no property located within the District, and the Writ must be vacated.

And because TMM's "action seeks solely to pursue the attachment of [Andino's] property under Rule B . . . [v]acating the attachment order . . . would terminate this Court's jurisdiction over [Andino]." *Ultra Deep Picasso Pte Ltd. v. Dynamic Indus. Saudi Arabia Ltd.*, No. 4:21-CV-03891, 2023 WL 4275503, at *7 (S.D. Tex. May 18, 2023), *report and recommendation adopted*, 2023 WL 4275003 (S.D. Tex. June 26, 2023), *aff'd*, 119 F.4th 437 (5th Cir. 2024). Accordingly, the Court **DISMISSES** TMM's Complaint for lack of jurisdiction.

C.  *The Court Will Not Allow TMM to Conduct Discovery and Grants the Motion to Quash.*

TMM argues that the Writ of Attachment should not be vacated until it can conduct discovery "to identify and locate any Andino assets that may have flowed to or from its account." Doc. 22, Resp., 9. TMM issued a subpoena to the Garnishee seeking records relating to Andino's accounts and records relating to wire transfers to Andino's accounts from January 1, 2024 to present. Doc. 10-2, Ex. 2, 5. Andino seeks to quash the subpoena. Doc. 10, Mot.

The Court grants the Motion and will not allow discovery, because "[a]s a general matter, a court cannot make orders relating to or in aid of an in rem claim unless the res is within the court's jurisdiction." *Rolls Royce Indus. Power (India) v. M.V. Fratzis M. Stratilatis Nav. Ltd.*, 905 F. Supp. 106, 107 (S.D.N.Y. 1995); *see also Blueye Navigation, Inc. v. Oltenia Navigation, Inc.*, Nos. 94 CIV. 1500 (LAP), 94 CIV. 2653 (LAP), 1995 WL 66654, at *6 (S.D.N.Y. Feb. 17, 1995) ("Plaintiff has failed to cite any case giving me the authority to grant discovery in a case where no property has been attached."). Here, because there is no property within this District, the Court cannot allow discovery. *See Rolls Royce*, 905 F. Supp. at 107. Accordingly, the Court **GRANTS** the Motion to Quash.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Andino's Motion to Vacate (Doc. 14) and **VACATES** the Writ of Attachment. The Court **GRANTS** the Motion to Quash (Doc. 10). TMM's Petition is **DISMISSED WITHOUT PREJUDICE**. A final judgment will follow.

**SO ORDERED**.

**SIGNED: August 6, 2025.**

*[Signature]*
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE